**Debra Ann SMITH et al., Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 24702.

United States Court of Appeals
Fifth Circuit.

April 24, 1968.

Jacob D. Guice, Rushing & Guice, Biloxi, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Robert C. McDiarmid, Robert M. Heier, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This appeal is from a suit brought by appellants below for wrongful death under the Federal Tort Claims Act. Appellants are the husband and children of the decedent, who died in Keesler Air Force

Base Hospital after a successful gall bladder operation, from the effects of a drug, Compazine, which was administered 10 hours after the operation to control nausea.

Appellants contend that the physicians treating Mrs. Smith were negligent (1) in giving the drug Compazine in the immediate post-operative period and (2) in failing timely to administer one of two antidotes, Benadryl or Phenobarbital, after its effects became apparent.

The District Judge, sitting without a jury, found that Mrs. Smith " * * * had an idiosyncrasy to the drug which was not known and could not have been known to the hospital ( ⌐ the doctors;" that there appears to be no "known method of determining in advance as to the idiosyncrasies of a patient to this drug;" that Compazine is a "widely recognized and accepted drug"; that the doctors were not negligent in delaying giving an antidote " * * * until they first determined that the Compazine was really the trouble".

Appellants' contention on this appeal is that the judgment of the court is against the overwhelming weight of the evidence and not in accordance with his own findings.

The expert testimony was conflicting regarding (1) the propriety of administering Compazine to combat nausea after a gall bladder operation, and (2) the reasonableness of the delay in administering the antidote.

 Rule 52(a) F.R.Civ.P. · provides that the findings of the District Court are subject to being overturned only if "clearly erroneous." While the opinion evidence is conflicting, it cannot be said that the court's findings were unsupported. It was the prerogative of the trial judge to resolve the conflict. Dufrene v. Indemnity Insurance Company of North America, 303 F.2d 788 (5th Cir. 1962). He did so in favor of defendant and it does not appear from the record that he was mistaken.

The judgment is affirmed.